JEFFREY G. KNOWLES (State Bar No. 129754)
JULIA D. GREER (State Bar No. 200479)
SCOTT C. HALL (State Bar No. 232492)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-jgk@cpdb.com,
         ef-jdg@cpdb.com,
         ef-sch@cpdb.com

Attorneys for Plaintiffs
ARISTA MUSIC, ARISTA RECORDS, LLC,
LAFACE RECORDS LLC, SONY MUSIC
ENTERTAINMENT, SONY MUSIC
ENTERTAINMENT US LATIN LLC, AND
ZOMBA RECORDING, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, AND ZOMBA RECORDING LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RADIONOMY, INC., RADIONOMY SA, RADIONOMY GROUP, B.V., and ALEXANDRE SABOUNDJIAN, an individual, <br><br> Defendants. | Case No. 3:16-cv-00951 RS <br><br> **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTIONS TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)** <br><br> Judge:  Hon. Richard Seeborg <br> Date:   June 16, 2016 <br> Time:   1:30 p.m. <br> Crtrm.:  3, 17th Floor |

## DOCUMENTS REQUESTED TO BE NOTICED JUDICIALLY

Plaintiffs Arista Music, Arista Records, LLC, LaFace Records LLC, Sony Music Entertainment, Sony Music Entertainment US Latin LLC, and Zomba Recording LLC (collectively referred to as "Sony Music" or "Plaintiffs") respectfully request that the Court take judicial notice of the following documents:

1. Screenshots of < http://www.radionomygroup.com/en>, attached as Exhibit A to Declaration of Jeffrey Knowles ("Knowles Declaration") filed in support of Plaintiffs' Opposition to Defendants' motions to dismiss.

2. Screenshots of <http://www.radionomy.com/en/static/produce>, attached as Exhibit B to Declaration Knowles Declaration.

3. Screenshots of <http://www.radionomygroup.com/en /about-us/> attached as Exhibit C to Knowles Declaration.

4. Radionomy Press Release dated September 5, 2012 available at <http://marketing.radionomy.com/PR2012/09/EN050912.html>, attached as Exhibit D to Knowles Declaration.

5. California Secretary of State website page detailing Radionomy, Incorporated's California corporate status as of January 12, 2016, attached as Exhibit E to Knowles Declaration.

6. Radionomy, Incorporated's 2013 Statement and Designation of Foreign Corporation, filed with the California Secretary of State on or about April 11, 2013, attached as Exhibit F to Knowles Declaration.

7. Radionomy, Incorporated's 2014 Statement and Designation of Foreign Corporation, filed with the California Secretary of State on or about February 27, 2014, attached as Exhibit G to Knowles Declaration.

8. Radionomy, Incorporated's 2015 Statement and Designation of Foreign Corporation, filed with the California Secretary of State on or about April 22, 2015, attached as Exhibit H to Knowles Declaration.

9. Website page of the Delaware Department of State, Division of Corporations, detailing Radionomy, Inc.'s Delaware corporate filing and designation of corporate agent for service process, attached as Exhibit I to Knowles Declaration.

10. Website page of California Secretary of State detailing Radionomy, Inc.'s California corporate status, attached as Exhibit K to Knowles Declaration.

11. Radionomy press release, dated December 17, 2015 available at <http://marketing.radionomy.com/PR2015/12/171215EN.html>, attached as Exhibit L to Knowles Declaration.

12. Radionomy's Notice of Use and Sound Recordings under Statutory License filed with the U.S. Copyright Office on or about March 2, 2012, attached as Exhibit M to Knowles Declaration.

13. Screenshots of <http://www.radionomygroup.com/en/contact/>, attached as Exhibit N to Knowles Declaration.

14. Screenshots of <https://web.archive.org/web/20141212164614/http://www.radionomygroup.com/en/contact>, attached as Exhibit O to Knowles Declaration.

## ARGUMENT

These documents are the appropriate subjects of judicial notice. The Court may take judicial notice of a fact that is not subject to reasonable dispute in that it is either: (1) generally known within the jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Ev. 201(b); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (holding that a court may consider "a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies"). Here the documents requested for judicial notice fall into one of three categories: (1) documents and records of the California and Delaware Secretaries of State (Exhs. E-I, K); (2) documents and information from Defendants' own websites (Exhs. A-D, L, N-O); and (3) documents of the U.S. Copyright Office (Ex. M).

A court may take judicial notice of records of public entities, such as records of the

California Secretary of State.  *See Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1092 (N.D. Cal. 2014) (taking judicial notice of official public records of California Secretary of State); *Edejer v. DHI Mortgage Co.*, No. C 09-1302 PJH, 2009 WL 1684714, at **3-4 (N.D. Cal. June 12, 2009) (same).

Statements on a party's website are also the appropriate subject of judicial notice.  *Allphin v. Peter K. Fitness, LLC*, No. 13-CV-01338-BLF, 2014 WL 6997653, at *3 (N.D. Cal. Dec. 11, 2014) ("The Court thus takes judicial notice of the 'location' webpages in exhibits Q through S, as those facts are not subject to dispute by the parties and it can be presumed that a company, when placing information about its locations on a website, will do so accurately"); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (holding that district court abused its discretion in not taking judicial notice of earnings on opposing party's own website because that party presented no plausible argument that the statements were unreliable).

Finally, courts may also take judicial notice of filings with the Copyright Office under Rule 201(b)(2). *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001), aff'd, 328 F.3d 1136 (9th Cir. 2003) ("Copyright certificates are the type of documents that the court may judicially notice under Rule 201(b)(2)."); *Oroamerica Inc. v. D & W Jewelry Co., Inc.*, 2001 WL 537780, * 1, n. 4 (9th Cir. May 14, 2001) (granting a request that the court take judicial notice of a supplemental copyright registration certificate); *Vigil v. Walt Disney Co.*, 1995 WL 621832, * 1–2 (N.D. Cal., Oct. 16, 1995) (taking judicial notice of copyright registration certificates).

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court take judicial notice of Exhibits A-I and K-O attached to the Knowles Declaration filed concurrently herewith in support of Plaintiffs' Opposition to Defendants' motions to dismiss.

| | | |
|---|---|---|
| DATED: May 23, 2016 | | COBLENTZ PATCH DUFFY & BASS LLP |

By:  */s/ Jeffrey G. Knowles*
Jeffrey G. Knowles
Attorneys for Plaintiffs
ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, AND ZOMBA RECORDING, LLC