UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTA MUSIC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RADIONOMY, INC., et al., <br><br> Defendants. | Case No. 16-cv-00951-RS <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION AND GRANTING PLAINTIFFS' REQUEST TO CONDUCT LIMITED DISCOVERY** |

## I.   INTRODUCTION

Plaintiffs (collectively "Sony Music") are various entities that own the copyrights to numerous audio and visual works. Sony Music contends defendants Radionomy, Inc., Radionomy S.A., and Radionomy Group B.V. have continuously violated copyright law by performing and displaying copyrighted works without permission at the behest of defendant Alexandre Saboundjian, the Radionomy entities' CEO. Radionomy Group and Saboundjian are citizens of the Netherlands and Belgium respectively. They move to dismiss plaintiffs' claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Radionomy, Inc., and Radionomy S.A., on the other hand, agree this court has jurisdiction over them. Saboundjian and Radionomy Group also seek dismissal of Sony Music's claims pursuant to Rule 12(b)(6). Pursuant to Local Rule 7-1(b) this matter is suitable for disposition without oral argument.

Sony Music submitted a substantive opposition to these motions to dismiss, but also

requests permission to conduct limited discovery to develop further the record establishing personal jurisdiction. Because Sony Music has "come forward with some evidence tending to establish personal jurisdiction over the defendant[s]," its request for expedited, limited discovery is granted. *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) (internal quotation marks omitted). Defendants' motions to dismiss are therefore denied without prejudice to their right to renew their challenges after the limited period of discovery.

## II.     BACKGROUND

Radionomy Group is a corporation organized and incorporated under the laws of the Netherlands. Radionomy S.A. and Radionomy, Inc., are Radionomy Group's direct and indirect subsidiaries: Radionomy Group owns 99% of Belgium-based Radionomy S.A., which wholly owns Radionomy, Inc., a Delaware corporation. Until early 2016, Radionomy, Inc., maintained its principal place of business and headquarters in San Francisco, California.

The Radionomy entities offer an online music platform on their website, www.radionomy.com, and through other online services, such as TuneIn.com. The platform allows users to listen to music and to create and customize online stations for streaming music. Through this service, users can program stations with copies of sound recordings they own and upload or sound recordings available in Radionomy's online music library. Users may then stream these collections over the Internet. Radionomy's music library contains hundreds, if not thousands, of Sony Music's copyrighted sound recordings and album art. Radionomy currently does not have licenses or authorization to reproduce, publicly to perform, and/or to display Sony Music's copyrighted works in the United States. Moreover, Radionomy has refused Sony Music's requests and demands to remove the infringing works from Radionomy's service and to cease the service that allows users to stream or to display Sony Music's copyrighted works.

Saboundjian, the CEO and founder of all three Radionomy entities, is a citizen and resident of Belgium. He and three other people founded Radionomy in Europe in 2007, and the service launched operations in the United States from its San Francisco headquarters in 2012. In early 2013, Radionomy, Inc. was formed and registered to do business in the State of California. When

Radionomy, Inc., established its corporate headquarters in San Francisco, it filed papers with the California Secretary State, identifying Saboundjian as its agent for service of process in California. In March 2013, Saboundjian became CEO of Radionomy, Inc. Saboundjian admits that he visited Radionomy's San Francisco headquarters on multiple occasions, indicating that over the past five years he has traveled to California once or twice a year to transact business.[1]

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) authorizes motions to dismiss for lack of personal jurisdiction. Personal jurisdiction over a nonresident defendant may exist if the defendant's contacts with the forum are "so constant and pervasive as to render it essentially at home in the forum State" (general jurisdiction), *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (internal quotation marks omitted), or minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and justice" (specific jurisdiction), *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1946) (internal quotation marks omitted). Fairness requires that a court exercise jurisdiction only if the "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Where there is no federal statute applicable to determine personal jurisdiction, a district court should apply the law of the state where the court sits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A)). "California's long-arm statute is coextensive with federal due process requirements. *Id.* at 800-01. It permits the "exercise of jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. P. Code § 410.10.

If a defendant challenges the existence of personal jurisdiction, the plaintiff bears the

---

[1] In his declaration, Saboundjian confined his review of business travel records to 2014-2015 even though Radionomy's San Francisco headquarters opened in 2012, and Radionomy did not surrender its license to do business in California until April 2016. He also did not describe what he was doing while on business.

ORDER DENYING MOTIONS TO DISMISS AND GRANTING LIMITED DISCOVERY
CASE NO. 16-cv-00951-RS

burden of establishing the district court's personal jurisdiction over the defendant. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). The plaintiff need only make a prima facie showing of jurisdiction to defeat the motion to dismiss, but "may not simply rest on the bare allegations of the complaint." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "[U]ncontroverted allegations must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (internal quotation marks and alteration omitted).

In addition, Rule 4(k)(2) of the Federal Rules of Civil Procedure permits federal courts to exercise personal jurisdiction over a defendant that lacks contacts with any single state if the defendant maintains sufficient contacts with the United States as a whole, unless (A) the defendant is subject to jurisdiction of the courts of general jurisdiction of any state, or (B) "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2).

District courts may permit limited discovery to determine whether personal jurisdiction exists. *Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1053 (N.D. Cal. 2015). When the parties dispute pertinent facts bearing on the question or jurisdiction or where "a more satisfactory showing of the facts is necessary," district courts should ordinarily grant requests for limited discovery. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). While district court discretion in this area is broad, district courts abuse their discretion by denying discovery "[w]here further discovery on an issue 'might well' demonstrate facts sufficient to constitute a basis for jurisdiction." *Mehr*, 115 F. Supp. 3d at 1054 (quoting *Harris v. Rutsky & Co. Ins. Serv. v. Bell & Clements*, 328 F.3d 1122, 1135 (9th Cir. 2003)). To that end, district courts may grant requests for expedited discovery on a showing of "good cause." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause exists when the need for expedited discovery outweighs prejudice to the responding party. *Id.*

## IV.   DISCUSSION

### A. Radionomy Group

California is not Radionomy Group's place of incorporation or principle place of

ORDER DENYING MOTIONS TO DISMISS AND GRANTING LIMITED DISCOVERY
CASE NO. 16-cv-00951-RS
4

business—"the paradigmatic locations where general jurisdiction is appropriate." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Yet Sony Music insists this court has personal jurisdiction over Radionomy Group because its subsidiaries (Radionomy, Inc. and Radionomy S.A.) have had significant contacts with California. Generally, the existence of a parent-subsidiary relationship is insufficient to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction. *See Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). "[A] parent corporation may be directly involved in the activities of its subsidiaries without incurring liability so long as that involvement is 'consistent with the parent's investor status.'" *Id.* (quoting *United States v. Bestfoods*, 524 U.S. 51, 72 (1998)). The exception to this general rule applies when "the parent and subsidiary are not really separate entities, or one acts as an agent of the other, the local subsidiary's contacts with the forum may be imputed to the foreign parent corporation." *Id.* at 926 (internal quotation marks omitted). Subsidiaries may be alter egos of the parent if (1) "there is such unity of interest and ownership that the separate personalities of [the parent and subsidiary entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996) (internal quotation marks omitted). Mere involvement in decision-making about the subsidiary's holdings is insufficient to show unity of interest and ownership provided the entities "observe all corporate formalities necessary to maintain corporate separateness." *Ranza*, 793 F.3d at 1073 (internal quotation marks and alteration omitted).

At this stage, Sony Music is at a considerable disadvantage without discovery. Evidence submitted suggests Radionomy Group was certainly involved in some of its subsidiaries' decisionmaking. All three entities shared senior officers and online resources. Radionomy Group owns 99% of Radionomy S.A., which in turn wholly owns Radionomy, Inc. Declarations submitted by Sony Music suggest Saboundjian did not distinguish between the three entities when he negotiated licensing agreements on behalf of all three entities. Without discovery, however, Sony Music is incapable of offering any evidence about the extent to which the Radionomy

entities observed (or did not observe) corporate formalities or whether the entities are properly capitalized. *See Ranza*, 793 F.3d at 1073. Because Sony Music has satisfactorily demonstrated that discovery may reveal facts establishing general personal jurisdiction over Radionomy Group, the best course is to permit Sony Music to conduct limited discovery to uncover relevant facts.

Sony Music has demonstrated good cause for expedited discovery limited to questions of personal jurisdiction because without such discovery it may not have the opportunity to hold Radionomy Group to account for alleged violations. Radionomy Group has not suggested this limited discovery would cause prejudice; indeed, Radionomy Group has agreed not to resist a request for discovery. Thus, Radionomy Group's motion to dismiss must be denied at this time without prejudice to its right to renew its challenge to personal jurisdiction and the sufficiency of the complaint after the limited period of discovery expires.

### B. Saboundjian

Similarly, Sony Music should have an opportunity to develop the factual record in support of general and specific jurisdiction over Saboundjian. It has presented sufficient evidence to suggest a factual basis for personal jurisdiction, such as Saboundjian's role as Radionomy, Inc.'s registered agent in California and role negotiating licensing agreements with U.S. and California corporations. Accordingly, Saboundjian's motion to dismiss the complaint must be denied at this time without prejudice to his ability to challenge the existence of personal jurisdiction and the sufficiency of the complaint in the future. Saboundjian has expressed willingness to proceed with limited jurisdictional discovery, and therefore permitting such limited discovery is unlikely to cause him prejudice.

## V.   CONCLUSION

Radionomy Group's and Saboundjian's motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) are denied without prejudice. Sony Music's request for limited discovery of facts establishing personal jurisdiction is granted. Such discovery must be completed within the next forty-five days. To facilitate expedited discovery, defendant are ordered to produce discovery responses within twenty days of service.

**IT IS SO ORDERED**.

Dated:  June 8, 2016

_____
RICHARD SEEBORG
United States District Judge