UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARISTA MUSIC, et al.,

    Plaintiffs,

v.

RADIONOMY, INC., et al.,

    Defendants.

Case No. 16-cv-00951-RS

**ORDER DENYING PLAINTIFFS' MOTION FOR MISCELLANEOUS RELIEF**

    Plaintiffs are various entities that own the copyrights to numerous audio and visual works. Plaintiffs contend defendants Radionomy, Inc., Radionomy S.A., and Radionomy Group B.V. have continuously violated copyright law by performing and displaying copyrighted works without permission at the behest of defendant Alexandre Saboundjian, the Radionomy entities' CEO. Radionomy Group and Saboundjian are citizens of the Netherlands and Belgium, respectively. Radionomy Group and Saboundjian previously moved to dismiss plaintiffs' claims for lack of personal jurisdiction. That motion was denied without prejudice on June 8, 2016, and Plaintiffs were granted 45 days to conduct limited jurisdictional discovery to establish personal jurisdiction.

    On October 3, 2016, plaintiffs held a jurisdictional deposition of defendant Saboundjian. A jurisdictional deposition of Thierry Ascarez followed on October 5. Plaintiffs also scheduled jurisdictional depositions of Radionomy corporate representatives pursuant to Federal Rule of Civil Procedure 30(b)(6) for October 11 and 12, but those depositions never occurred. After the Ascarez deposition on October 5, a dispute arose between the parties as to whether defendants needed to assure plaintiffs that Saboundjian and Ascarez would be made available for subsequent merits depositions. Plaintiffs then postponed the scheduled Rule 30(b)(6) depositions out of fear

1   that proceeding would cause defendants to resist future merits depositions of the corporate
2   representatives.
3       On October 17, the parties submitted letter briefs stating their positions on the dispute.
4   Plaintiffs seek an order ruling: (1) that depositions taken pursuant to the June 8 order will not
5   foreclose subsequent merits depositions of any witness; (2) that Saboundjian and Ascarez must be
6   made available for future merits depositions; and (3) that, prior to the Rule 30(b)(6) depositions,
7   defendants must specifically identify and object to any topics they believe are not jurisdictional,
8   and seek a ruling before the depositions occur.  Defendants argue the matter is not ripe for review
9   because they have not yet objected to any depositions.
10      Defendants are correct.  Plaintiffs have not noticed any merits depositions yet, so this
11  matter is not ripe for review.  If plaintiffs notice merits depositions and defendants object,
12  plaintiffs can move to compel the depositions.  Plaintiffs' motion is therefore denied, and the order
13  of June 8 allowing for limited jurisdictional recover remains in full effect, except that plaintiffs
14  shall have 14 days from the issuance of this order to complete jurisdictional discovery, since the
15  original 45-day period expired during this dispute.  The parties are expected to exercise the utmost
16  good faith and cooperation in limiting the discovery to jurisdictional topics, to the extent possible.
17  It may be, however, that some overlap between jurisdictional and merits issues is inevitable, and
18  to the extent this occurs it shall not prejudice future discovery or serve as a basis to refuse
19  answering questions in this phase.

21  **IT IS SO ORDERED**.

23  Dated: October 27, 2016

    _____
    RICHARD SEEBORG
    United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR MISCELLANEOUS RELIEF
CASE NO. 16-cv-00951-RS

2