1  DAVID R. SINGH (SBN 300840)
   david.singh@weil.com
2  WEIL, GOTSHAL & MANGES LLP
   Silicon Valley Office
3  201 Redwood Shores Parkway, 6th Floor
   Redwood Shores, CA 94065
4  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
5
   GREGORY S. SILBERT (SBN 207971)
6  gregory.silbert@weil.com
   BENJAMIN E. MARKS (admitted *pro hac vice*)
7  benjamin.marks@weil.com
   WEIL, GOTSHAL & MANGES LLP
8  New York Office
   767 Fifth Avenue, 34th Floor
9  New York, NY 10153
   Telephone: (212) 310-8000
10 Facsimile: (212) 310-8007

11 Attorneys for Defendants RADIONOMY, INC.,
   RADIONOMY SA, and RADIONOMY GROUP, B.V.
12

13 TODD A. ROBERTS (SBN 129722)
   NICOLE S. HEALY (SBN 157417)
14 ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 500
15 Redwood City, CA 94063-2052
16 Telephone: (650) 364-8200
   Facsimile: (650) 780-1701 Email: todd.roberts@rmkb.com
17 nicole.healy@rmkb.com

18 Attorneys for Defendant
   ALEXANDRE SABOUNDJIAN
19

20 JEFFREY G. KNOWLES (State Bar No. 129754)
   JULIA D. GREER (State Bar No. 200479)
21 SCOTT C. HALL (State Bar No. 232492)
   COBLENTZ PATCH DUFFY & BASS LLP
22 One Montgomery Street, Suite 3000
   San Francisco, California  94104
23 Telephone:  415.391.4800
   Facsimile:  415.989.1663
24 Email: ef-jgk@cpdb.com
           ef-jdg@cpdb.com,
25         ef-sch@cpdb.com

26 Attorneys for Plaintiffs ARISTA MUSIC,
   ARISTA RECORDS, LLC, LAFACE RECORDS LLC,
27 SONY MUSIC ENTERTAINMENT, SONY MUSIC
28

ENTERTAINMENT US LATIN LLC, AND
ZOMBA RECORDING LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, and ZOMBA RECORDING LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RADIONOMY, INC., RADIONOMY SA, RADIONOMY GROUP, B.V., and ALEXANDRE SABOUNDJIAN, an individual,<br><br>Defendants. | Case No. 16-cv-00951-RS<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING STANDSTILL AGREEMENT AND ADJUSTMENT OF CASE SCHEDULE**<br><br>Place:   Courtroom 3, 17th floor<br>Judge:   Honorable Richard Seeborg |

1    The undersigned counsel for the parties in the above-captioned action hereby stipulate and
2 agree, pursuant to Civil Local Rule 6-2, as follows:
3    WHEREAS, on February 26, 2016, Plaintiffs filed a Complaint for Copyright Infringement
4 and Unfair Competition (the "Complaint) against Defendants [Dkt. 1];
5    WHEREAS, on May 9, 2016, Radionomy Group, B.V. filed a motion to dismiss pursuant to
6 Rule 12(b)(2) and Radionomy Group B.V. Radionomy, S.A. and Radionomy, Inc. filed a motion to
7 dismiss pursuant to Rule 12(b)(6) [Dkt. 32], and Alexandre Saboundjian filed a motion to dismiss
8 pursuant to Rule 12(b)(2) and 12(b)(6) [Dkt. 31];
9    WHEREAS, on May 23, 2016, Plaintiffs filed an opposition to Defendants' motions to
10 dismiss and requested permission to conduct limited discovery to develop further the record
11 establishing personal jurisdiction [Dkt. 41];
12    WHEREAS, on June 8, 2016, the Court entered an order, among other things: (i) denying
13 Defendants' motions to dismiss without prejudice; (ii) granting Plaintiffs' request for limited
14 discovery of facts relating to personal jurisdiction and (iii) and requiring such discovery to be
15 completed within the next 45 days; *i.e.*, by July 25, 2016 (the "Order") [Dkt. 46];
16    WHEREAS, on July 8, 2016, the Court issued an order, pursuant to the parties' stipulation,
17 extending Defendants' deadline for producing documents responsive to Plaintiffs' jurisdictional
18 discovery requests until August 25, 2016, and for completion of jurisdictional depositions until
19 October 14, 2016 [Dkt. 55];
20    WHEREAS, due to disputes between the parties over jurisdictional and merits depositions,
21 the parties have not yet completed jurisdictional depositions, which depositions have now been
22 ordered by the Court to be completed by November 10, 2016 [Dkt. 60];
23    WHEREAS, on July 19, 2016, the parties participated in a mediation, which mediation was
24 not successful in resolving the action;
25    WHEREAS, on August 11, 2016, the Court issued a Case Management Scheduling Order
26 setting forth the following case deadlines:
27    • December 30, 2016 – completion of all non-expert discovery
28

STIPULATION AND [PROPOSED] ORDER
REGARDING STANDSTILL AGREEMENT &          1                CASE NO. 16-CV-00951-RS
ADJUSTMENT OF CASE SCHEDULE

- February 16, 2017 – designation of expert witnesses
- March 15, 2017 – designation of supplemental and rebuttal expert witnesses
- April 14, 2017 – completion of all expert discovery
- June 29, 2017 – deadline for hearing on all dispositive pretrial motions
- August 17, 2017 – final pretrial conference
- September 11, 2017 – commencement of jury trial

WHEREAS, the parties have worked in good faith to complete jurisdictional and fact discovery and meet case deadlines, but, due to (1) the volume of requested and produced discovery, (2) complexities in the collection and production of documents and information located in foreign countries, including but not limited to European data privacy laws or blocking statutes and foreign-language translation of documents, and (3) discovery disputes between the parties regarding the proper scope of and sufficient compliance with requested discovery and depositions, anticipate needing additional time to complete discovery beyond the current case deadlines;

WHEREAS, Defendants have stated that they intend to renew their motions to dismiss the complaint following completion of jurisdictional discovery;

WHEREAS, the parties have continued to propose and discuss terms of settlement that may resolve this matter without the need for further litigation and believe that they are reasonably close to reaching mutually agreeable terms of settlement;

WHEREAS, the resources of the Court and the parties will be conserved if the parties are able to reach settlement without further litigation.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the parties, through their respective counsel that:

1. The parties have agreed to enter into a 21-day Standstill Agreement to conserve resources of the Court and the parties while the parties attempt to resolve outstanding issues and reach a settlement of this action. For the avoidance of doubt, this Standstill Agreement applies to all third party discovery, including non-party Vivendi S.A.'s obligation to produce documents in

response to the subpoena issued by Plaintiffs in connection with this case. This stipulation shall be without prejudice to Plaintiffs' right to pursue remedies for deficiencies in Defendants' jurisdictional discovery and to complete open jurisdictional depositions. The 21-day standstill period ("Standstill Period") will expire on November 30, 2016. Jurisdictional discovery will expire on December 16, 2016, and Defendants will produce any already noticed witnesses for deposition on or before December 8, 2016. Any motions addressed to the sufficiency of Defendants' compliance with jurisdictional discovery shall be timely if made by December 16, 2016.

2.  If the Standstill Period expires without the parties reaching a settlement, the parties stipulate and propose that the following deadlines should apply:

- January 15, 2017 – production of documents pursuant to subpoena by non-party Vivendi, subject to resolution, if necessary, of any issues presented by any applicable European blocking statutes
- April 30, 2017 – completion of all non-expert discovery
- June 30, 2017 – designation of expert witnesses
- July 30, 2017 – designation of supplemental and rebuttal expert witnesses
- August 30, 2017 – completion of all expert discovery
- November 15, 2017 – deadline for hearing on all dispositive pretrial motions
- January 11, 2018 – final pretrial conference
- February 5, 2018 – commencement of jury trial

3.  If the Standstill Period expires without the parties reaching a settlement, the parties stipulate that Plaintiffs may amend the complaint, without prejudice to Plaintiffs' right to seek leave for further amendments. Plaintiffs' amendment need not identify all allegedly infringed works that Plaintiffs will seek to establish at trial. No later than February 15, 2017, Defendants will produce all documents sufficient to identify all sound recordings and album cover artwork used in connection with Defendants' online service, including documents maintained in the ordinary course of business, from January 1, 2009 to the present. Plaintiffs will have until March 1, 2017 to identify

1  by track title and artist all allegedly infringed works on which they will seek to establish
2  infringement and damages, including those not specifically identified in the complaint, except to the
3  extent that Defendants' deficient or incomplete discovery responses prevent the identification of all
4  infringed works.

5      4.    Defendants agree to produce Alexandre Saboundjian and Thierry Ascarez for merits
6  depositions in the U.S. for a minimum of seven (7) hours each in the U.S. (not counting translation
7  time), without prejudice to Plaintiffs' right to seek additional time if warranted. Defendants agree to
8  produce a witness or witnesses pursuant FRCP 30(b)(6), on behalf of Radionomy Inc., Radionomy
9  S.A. and Radionomy Group B.V., for depositions on merits issues in addition to jurisdictional
10 issues. Defendants will produce 30(b)(6) witnesses on all topics identified in the deposition notices,
11 and will not decline to produce a witness prepared on any given topic based on a position that the
12 issue has already been covered in a topic identified in earlier deposition notices or examinations.
13 The 30(b)(6) designated witness or witnesses for merits issues shall be made available in the U.S.
14 for a minimum of fourteen (14) hours of testimony between the three entities (not counting
15 translation time). Fourteen hours will not be a presumptive minimum, but will be subject to good
16 faith discussions among the parties in the event Plaintiffs believe more testimonial time is
17 warranted. In the event the parties are unable to agree, the Court will determine the appropriate
18 length of merits depositions. Defendants' agreement to produce witnesses for merits depositions
19 does not waive any objections Defendants may have to duplicative or harassing questions.

20     5.    Defendants agree not to use the Standstill Agreement or the Standstill Period as a
21 basis for any argument of waiver, prejudice or unreasonable delay.

22 Dated: November 7, 2016        Respectfully Submitted,

23         WEIL, GOTSHAL & MANGES LLP

24         By: */s/ David R. Singh*
25             DAVID R. SINGH

26         *Attorneys for Defendants RADIONOMY, INC.,*
        *RADIONOMY S.A., and RADIONOMY GROUP,*
27         *B.V.*

28 STIPULATION AND [PROPOSED] ORDER
REGARDING STANDSTILL AGREEMENT &    4    CASE NO. 16-CV-00951-RS
ADJUSTMENT OF CASE SCHEDULE

| | | |
|---|---|---|
| 1 | Dated: November 7, 2016 | Respectfully Submitted, |
| 2 | | ROPERS, MAJESKI, KOHN & BENTLEY |
| 3 | | |
| 4 | | By: */s/ Todd A. Roberts*<br>TODD A. ROBERTS |
| 5 | | *Attorneys for Defendant ALEXANDRE SABOUNDJIAN* |
| 6 | Dated: November 7, 2016 | Respectfully Submitted, |
| 7 | | COBLENTZ PATCH DUFFY & BASS LLP |

By: */s/ Jeffery G. Knowles*
    JEFFREY G. KNOWLES

*Attorneys for Plaintiffs ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, and ZOMBA RECORDING LLC*

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

I, David R. Singh, am the ECF user whose identification and password are being used to file this Stipulation and [Proposed] Order Regarding Standstill Agreement and Adjustment of Case Schedule. In compliance with Civil Local Rules 5-1(c)(4) and 5-1(i)(3), I hereby attest that Todd A. Roberts and Jeffrey G. Knowles concurred in this filing.

Dated: November 7, 2016                        */s/ David R. Singh*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 11/8/16

Honorable Richard Seeborg
United States District Court Judge

STIPULATION AND [PROPOSED] ORDER
REGARDING STANDSTILL AGREEMENT &        5        CASE NO. 16-CV-00951-RS
ADJUSTMENT OF CASE SCHEDULE